HAMPTON et al. v. WOOLEY et al.†

(Court of Civil Appeals of Texas. April 12, 1911. Rehearing Denied May 10, 1911.)

1. PARTNERSHIP (§ 306*)—RIGHTS AND LIABILITIES OF PARTNERS—ACTION BY PARTNERS AFTER DISSOLUTION.

Where a contract for the sale of land on commission was made with a brokerage partnership, and all the negotiations for sale and the sale itself occurred while the partnership was in effect, it is no defense to a suit by the remaining partners against their partners in the transaction of sale for a share of commissions that the partnership had terminated before the deed of the land was executed.

[Ed. Note.—For other cases, see Partnership, Dec. Dig. § 306.*]

2. PARTNERSHIP (§ 115*)—ACTIONS BY PARTNERSHIP—PARTIES.

Where a member of a partnership conspired with another to wrongfully convert money belonging to the partnership, they are joint tortfeasors, and in an action by the partnership they may be sued jointly.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 178; Dec. Dig. § 115.*]

Appeal from District Court, Presidio County; W. C. Douglas, Judge.

Action by S. W. Wooley and another against W. R. Hampton and another. Judgment for plaintiffs, and defendants appeal. Affirmed.

P. H. Clarke, for appellants. R. H. Harp and R. C. Harris, for appellees.

FLY, J. S. W. Wooley and T. B. Ballew, appellees, sued W. R. Hampton and Robert Hampton, appellants herein, alleging that appellees were engaged in the real estate business in Marfa, Tex., and that W. R. Hampton, who represented that he intended entering into the mercantile business and would assist appellees in procuring purchasers and in making sales of lands, and on account of that representation was admitted as a member of the firm, and a short time thereafter, through the influence of the said W. R. Hampton, Fritz Fuchs, Jr., listed with the the firm 14,342 acres of land at $2.50 an acre over and above what he was owing the state, and agreed to pay 5 per cent. commissions for making a sale, that said firm wrote a letter to W. H. Putnam at Lubbock, Tex., and that in response to it Putnam came to Marfa and the land was sold by appellant to Putnam for $2.50 an acre in excess of what was due the state, and the commissions were appropriated by appellants. Appellees sued for two-thirds of $1,792.75, the amount of the commissions. Appellants pleaded misjoinder of parties and causes of action, general and special exceptions, and general denial. The cause was submitted to a jury on special issues on the findings in reply thereto, and a judgment for $1,333.02 in favor of appellees was rendered.

The evidence justified the jury in finding that Robert Hampton, for his father, W. R. Hampton, induced appellees to admit said W. R. Hampton as a member of their firm by the representation that he (Robert Hampton) would assist the firm in making sales of land; that said Robert Hampton wrote a letter for the firm to Putnam to induce him to become a purchaser of the Fritz Fuchs land which had been listed with the firm; that appellees did not know Robert Hampton was in the real estate business for himself; that $35,855 over and above the indebtedness of Fuchs to the state, and the commissions were collected and retained by appellants. The facts also showed that the partnership with W. R. Hampton existed at the time

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

† Writ of error denied by Supreme Court.

the sale was consummated, and the appellees were deprived of this two-thirds share of the same by reason of a conspiracy formed between appellants to prevent them from getting their part of the commissions.

[1] The first assignment of error is based on the contention that the court should have instructed a verdict for appellants; the ground of their contention being that the uncontroverted evidence showed that the contract with Fritz Fuchs had expired when the sale was made. The evidence justifies the conclusion that the partnership was consummated about August 29 or 30, 1908, and then about September 1st to 5th the lands were listed with the firm. W. R. Hampton obtained the land for sale and informed his partners that the owner had agreed to pay 10 per cent. if the land was sold in 30 days and 5 per cent. if sold after that time. The land was sold while the partnership was in effect. Fuchs did not protest payment of the commissions on account of the sale not being made within 30 days, but by the payment of the commissions admitted that the contract was in full force and effect. The contract was made for the partnership, and all the negotiations for the sale took place while the partnership was in existence, even though the partnership was terminated before the deed was executed.

The second assignment of error is practically a repetition of the first, and the third assignment of error claims that there was no finding of the jury that the land was in the hands of the firm for sale when the sale was consummated. A purchaser was produced when Putnam arrived in Marfa, who was ready, willing, and able to consummate the trade for the land, and the jury found that the partnership was in existence at that time. The firm had earned their commissions when the purchaser presented himself in Marfa, and was ready, willing, and able to buy the land. There was evidence tending to show that the partnership was not dissolved until after the sale of the land was fully consummated.

The evidence clearly indicated fraud upon the part of appellants. It showed that W. R. Hampton was concealing facts from his partners and was working for the interest of Robert Hampton and against the interest of the partnership. He concealed the fact that his son Robert was in the real estate business from his partners, and he made no attempt to hold Putnam for the firm but turned him over to Robert. The jury was justified in finding that appellants had formed a conspiracy to deprive the partnership of the commissions for the sale of the land. Just before Putnam came to Marfa, Robert Hampton tried to get into the partnership, stating that he was going to help make the sale of the Fuchs land, and unless he could get into the firm he would not get any of the com-

mission. He was not admitted to the partnership, and he and W. R. Hampton then sought to deprive the firm of the commission. Robert Hampton wrote the letter to Putnam as the agent of the partnership, and the case presented is of a partner conspiring with an agent of the partnership to defraud the partnership.

[2] The father as partner and the son as agent conspired to perpetrate a fraud upon the partnership, and they were jointly liable for the fraud. The appellants were joint tort-feasors, who had converted the property of the partnership to their own use and could be sued separately or jointly. There were no partnership matters to settle between the partners, except the matter in regard to the conversion of the commissions. Appellees did not sue for a breach of contract, but for conversion of their property. The petition is full and explicit in charging conversion.

The judgment is affirmed.